UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: PROTEGRITY CORPORATION AND PROTEGRITY USA, INC., PATENT LITIGATION | MDL No. 2600<br><br>**CONSOLIDATION AND CASE MANAGEMENT ORDER UPON TRANSFER PURSUANT TO 28 U.S.C. § 1407(A)** |

Now that the JPML process is complete, the Court issues this consolidation and case management order. This order supersedes all prior consolidation and case management orders that were issued in the related cases discussed below.

**CONSOLIDATION OF RELATED CASES**

1. The Court has already found that these cases are related cases under Civil Local Rule 3-12:

   a. 3:14-cv-02588-JD

   b. 3:14-cv-03151-JD

   c. 3:14-cv-03423-JD

   d. 3:14-cv-04283-JD

2. Other cases have been transferred to this Court pursuant to the Judicial Panel on Multidistrict Litigation's order of February 6, 2015, or because they are tag-along actions as defined in Rule 1.1(h) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

3. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court now consolidates all these cases into Case No. 3:15-md-02600-JD for all pretrial proceedings before this Court. All filings and submissions from here on should be captioned: "In re: Protegrity

Corporation and Protegrity USA, Inc., Patent Litigation" under the 3:15-md-02600-JD case number.

4. If a related action is subsequently filed in or transferred to this district, it will be consolidated into this action for all pretrial purposes. This order will apply to every such related action, without a further order of the Court. A party that objects to consolidation, or to any other provision of this order, must file an application for relief from this order within ten (10) days after the date on which the party's counsel receives a copy of this order.

5. This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown.

**MASTER DOCKET AND CAPTION**

6. The docket in Case No. 3:15-md-02600-JD will constitute the master docket, and the file in that action will be the master file for every action in the consolidated action.

7. When a pleading applies only to some, but not all, of the member actions, the document must list the docket number for each individual action to which the document applies immediately under the master caption. Any document not identified in that way will be presumed to apply to all member cases.

8. The parties must file a Notice of Related Cases pursuant to Civil Local Rule 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the Clerk of the Court will:

　　a. file a copy of this order in the separate file for such action;
　　b. serve on plaintiff's counsel in the new case a copy of this order;
　　c. direct that this order be served upon defendants in the new case; and
　　d. make the appropriate entry in the master docket (Case No. 3:15-md-02600-JD).

9. If there are any disputes about whether a new action should be related to this consolidated action, they must promptly be brought to the Court's attention or any objection may be deemed waived.

**DATE AND AGENDA FOR INITIAL CASE MANAGEMENT CONFERENCE**

10. The initial case management conference will be held on **Wednesday, April 1,**

**2015, at 1:30 p.m.** before the Honorable James Donato in Courtroom 11, 19th Floor, United States District Court, 450 Golden Gate Ave., San Francisco, California.

11. Counsel should be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation. In addition, items on the agenda will include the filing of a consolidated amended complaint, amendment of other pleadings, a proposed discovery plan, the appointment of one or more experts under Federal Rule of Evidence 706, and a timetable for anticipated motions. Counsel should confer and seek consensus to the fullest extent possible. Plaintiffs' counsel must be prepared to inform the Court whether they intend to file a consolidated amended complaint, and if so, by what date.

12. Each party represented by counsel must appear at the initial case management conference through its lead attorney who will have primary responsibility for representing the party in this litigation. To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, arrange to have an attending attorney represent the party's interest at the conference. A party will not, by designating another party's attorney to represent that party's interest at the conference, be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

13. In a similar vein, the Court expects that parties with similar interests -- in other words, the parties on the same side of the "v." -- will consolidate all filings and submissions as much as possible, including for the joint case management statement, which will be due on **Wednesday, March 25, 2015**. The goal is to avoid burying the Court in multiple versions of largely identical filings. Because the Court is ordering maximum consolidation of all filings, no party will be allowed at any time in the case, including before the jury, to refer to that consolidation as evidence of collusion or cooperation by the parties involved.

**DEFENDANTS' RESPONSE DEADLINE AND STATUS OF DISCOVERY**

14. Defendants are granted an open-ended extension of time for responding to the complaint(s) -- or a consolidated complaint -- pending further order of the Court. In addition, pending the initial case management conference and further orders of the Court, any outstanding discovery proceedings are stayed and no discovery shall be initiated.

3

15.     Parties and counsel are directed to carefully review the Court's standing orders on civil discovery and civil cases for guidance on the Court's procedures. The Court handles all discovery disputes itself. Discovery disputes or issues that are not presented in strict conformance with the Court's standing orders will be rejected.

**PRESERVATION OF EVIDENCE**

16.     Parties and counsel are reminded of the duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things (with those terms to be interpreted in the broadest possible manner that is consistent with the Federal Rules of Civil Procedure) in the possession, custody or control of the parties to this action, regardless of geographic location, as well as any employees, agents, contractors, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, whether they are located in the United States or abroad. The Court advises parties and counsel that any failure to honor this obligation will result in sanctions ranging from monetary sanctions to issue or evidence preclusion, depending on the gravity of the failure.

**COMMUNICATIONS WITH THE COURT AND AMONG COUNSEL**

17.     All substantive communications with the Court must be in writing and e-filed on the master docket. Counsel are advised to keep phone calls to the Court's courtroom deputy to a minimum. Outside of an emergency of some sort, or to raise a discovery issue during a deposition as provided for in the standing order on discovery, no one should need to call the deputy. No party or counsel should try to contact chambers' staff for any reason. Also, please make sure all chambers' copies are delivered to the Clerk of the Court and not directly to chambers. Chambers does not accept deliveries.

18.     The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. Consequently, the Court makes clear that the communication of information among and between plaintiffs' counsel and among and between defendants' counsel will not be deemed a waiver of the

attorney-client privilege or the protection afforded by the attorney work product doctrine, and any such cooperative efforts shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.

**IT IS SO ORDERED**.

Dated: February 25, 2015

_____
JAMES DONATO
United States District Judge